UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Herman LeBlanc,
Christine LeBlanc Fortin,
and James LeBlanc,

      Plaintiffs,

      v.                            Civil Action No. 2:20–cv–147–jmc

Robert E. Snelgrove,

      Defendant.

## REPORT AND RECOMMENDATION
(Doc. 2)

Plaintiff Herman LeBlanc, along with several additional persons, initially filed this action against Defendant Robert E. Snelgrove in Orleans County Superior Court in Vermont on December 24, 2008.[1] (Docs. 2-1, 2-2 at 3.) On February 19, 2009, Snelgrove filed an Answer and Counterclaim. (Docs. 2-2 at 4; 2-3.) The claims and counterclaims, all arising under Vermont law, related to a boundary dispute between adjacent properties located on Lake Memphremagog. (*See* Docs. 2-1, 2-3.) On June 21, 2016, the case was temporarily stayed pending conclusion of a related partition action. (Doc. 2-6.) After the stay was lifted, the state court

---

[1] Contrary to the caption on LeBlanc's Notice of Removal, members of the LeBlanc family, including Herman LeBlanc, instituted the underlying action in state court and are the party plaintiffs. Snelgrove is the defendant in this state-court action. (Doc. 2-1.) Because Snelgrove filed a Counterclaim, Herman LeBlanc also became a third-party defendant. (Doc. 2-3.) However, the state court recently clarified that the only remaining claims to adjudicate are those asserted by David LeBlanc against Snelgrove. (Doc. 2-9.) Accordingly, Herman LeBlanc appears to no longer be a party to this case.

issued an order on September 2, 2020, clarifying that the only remaining claims to be adjudicated were any claims by David LeBlanc that arose when he owned a quarter interest in the subject property, before he conveyed his interest to Herman LeBlanc when the partition action was pending. (*See* Doc. 2-9.)

On September 28, 2020, Herman LeBlanc[2] removed the case to this court on the basis of both federal question and diversity jurisdiction. (Doc. 1.) Snelgrove has moved to remand. (Doc. 2.) For the reasons described below, I recommend that Snelgrove's Motion to Remand (Doc. 2) be GRANTED.

## Factual and Procedural Background

The parties are former neighbors who have a long and complex history of litigation relating to a boundary dispute and associated partition and property damage actions.[3] The Court assumes the parties' familiarity with the underlying facts and therefore only briefly summarizes the facts here.

On December 24, 2008, Herman LeBlanc, in conjunction with four of his family members, filed this action against Snelgrove in state court. (Doc. 2-1.) The Complaint alleged only state-law claims and sought "[a] determination and declaration of the boundary between the lands and premises owned" by the LeBlanc family and those owned by Snelgrove. (*Id.* at 8.) On February 19, 2009, Snelgrove

---

[2] Snelgrove states in his Motion to Remand that David LeBlanc removed the action to this Court. (Doc. 2 at 1.) However, the Notice of Removal makes clear that Herman LeBlanc is the party seeking removal, by and through David LeBlanc, who he asserts is his court-appointed guardian. (Doc. 1 at 1.)

[3] Herman LeBlanc has removed three related actions to this Court: this litigation concerning the boundary dispute, 20-cv-147; a partition action, 20-cv-146; and an action concerning destruction of property on Snelgrove's land, 20-cv-148. Snelgrove has moved to remand all three cases. Each is considered in separate reports and recommendations on the corresponding dockets.

filed a Counterclaim asserting, in relevant part, a trespass claim against Herman LeBlanc. (Doc. 2-3 at 5–6; Doc. 2-2 at 18 (dismissing Snelgrove's claims against the other third-party defendants).)

The state court conducted a bench trial on October 9 and 11, 2013 regarding the boundary dispute. (Doc. 2-4 at 2.) On October 31 and November 1, 2013, the court held a jury trial to determine the damages claims against Herman LeBlanc. (*Id.* at 3.) The jury returned a verdict of $37,600 against Herman LeBlanc. (Doc 2-5.) The trial court later issued its Findings of Fact, Conclusions of Law, and Final Judgment Order (Doc. 2-4) as well as its Judgment on Jury Verdict (Doc. 2-5) on August 18, 2014. The LeBlanc family appealed to the Vermont Supreme Court, which affirmed the boundary determination and the damages award against Herman LeBlanc in its decision dated August 28, 2015. *See LeBlanc v. Snelgrove*, 2015 VT 112, ¶¶ 26, 48–51, 65 200 Vt. 570. However, the Vermont Supreme Court remanded the action because some of the LeBlanc family's claims and associated affirmative defenses should have been decided by a jury instead of the trial judge. *Id.* ¶¶ 29–47, 65. (*See also* Doc. 2-2 at 22.)

After remand, the case was later stayed pending disposition of a related partition action of the subject property. (Doc. 2-6.) During the pendency of the partition action, David LeBlanc conveyed his one-quarter interest in the property to Herman LeBlanc. (Doc. 2-7 at 4, ¶ 8.) Then, in the partition action, on February 9, 2018, the court ordered Herman LeBlanc to convey his one-quarter interest in the property to Snelgrove. (*Id.* at 9.) LeBlanc appealed and the Vermont Supreme Court affirmed the judgment on November 21, 2018. *See Snelgrove v. LeBlanc*, No

3

2018-104, 2018 WL 6167392, at *1 (Vt. Nov. 21, 2018). After LeBlanc refused to execute a deed transferring his interest in the land in accordance with the judgment of partition, the court issued an order conveying his interest in the property to Snelgrove on May 13, 2019. (Doc. 2-8.) The trial court then closed the partition action on July 16, 2019.

Upon conclusion of the partition action and after Herman LeBlanc's interest in the property was conveyed to Snelgrove, the stay in this case was lifted. On September 2, 2020, the trial court issued an order clarifying that the only remaining claims to be adjudicated were any claims by David LeBlanc that arose when he owned a quarter interest in the subject property, before he conveyed his interest to Herman LeBlanc while the partition action was pending. (*See* Doc. 2-9.) That was the status of the case when Herman LeBlanc filed his Notice of Removal in the state court on September 23, 2020. (Doc. 2-2 at 27–28.) On September 28, 2020, LeBlanc's Notice of Removal was filed in this Court. (Doc. 1.) Snelgrove has now moved to remand, arguing that LeBlanc's removal is untimely. (Doc. 2.)

## Analysis

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, a civil action may only be removed to federal court if it "could have been brought, originally, in a federal district court." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005). District courts

4

must "construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, . . . the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also Aurora Loan Servs, LLC v. Koellmer*, CIVIL ACTION NO.: 3:16-cv-00233 (VAB), 2016 WL 9818438, at *1 (D. Conn. Apr. 5, 2016) ("The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied.").

Here, Snelgrove argues that regardless of LeBlanc's asserted basis for federal jurisdiction, his Notice of Removal was untimely. (Doc. 2 at 3–4.) Pursuant to 28 U.S.C. § 1446(b)(1), a defendant has 30 days to remove a case to federal court after the complaint is filed in the state court. In cases where the initial pleading did not state a removable case, but the action later becomes removable, then the 30-day clock begins to run when the defendant receives a filing "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Even in the latter scenario, a defendant who seeks to remove a case on the basis of diversity jurisdiction must do so within one year after commencement of the action. *Id.* § 1446(c)(1). The only exception to this one-year limit is in cases where "the district court finds that the plaintiff has acted in bad faith in order to prevent [the] defendant from removing the action." *Id.* However, the bad-faith exception is a narrow one as Congress intended the exception to be

5

"limited in scope." *Nocelli v. Kaiser Gypsum Co.*, No. 19-CV-1980 (RA), 2020 WL 230890, at *4 (S.D.N.Y. Jan. 15, 2020) (quoting H.R. Rep. No. 112-10 at 15).

In this case, the Complaint was initially filed on December 24, 2008. (Doc. 2-2 at 3.) Snelgrove filed his Counterclaim on February 19, 2009. (*Id.* at 4.) LeBlanc removed to this Court more than 11 years later, on September 28, 2020. (Doc. 1.) Thus, his Notice of Removal was plainly filed outside the 30-day period prescribed by 28 U.S.C. § 1446(b)(1). Even if LeBlanc relies on diversity jurisdiction as the basis for removal, he removed well over one year after the action was originally commenced. *See* 28 U.S.C. § 1446(c)(1). Moreover, he has not alleged that Snelgrove acted in bad faith in order to prevent him from removing the case. *Id.* Accordingly, LeBlanc's Notice of Removal is untimely.

In addition, LeBlanc was originally a plaintiff in this case, and subsequently became a counterclaim defendant pursuant to Snelgrove's Counterclaim. (Docs. 2-1, 2-3.) It is well settled that 28 U.S.C. § 1441 permits only defendants to the original action to remove the case from state to federal court. *See Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100, 106–109 (1941) (holding that a counterclaim defendant who was also the original plaintiff could not remove under § 1441(a)'s predecessor statute); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove."). Because LeBlanc, as a plaintiff, was not authorized to remove this case to federal

6

court,[4] it should be remanded to the Orleans County Superior Court of Vermont, from which it was improperly removed.

## Conclusion

For these reasons, I recommend that Snelgrove's Motion to Remand (Doc. 2) be GRANTED. The Clerk of the Court is requested to assign this case to a United States District Judge for consideration of this Report and Recommendation. In the interest of judicial economy, the Clerk of the Court should consider assigning two related cases (*Snelgrove v. LeBlanc*, Civil Action No. 2:20-cv-146; *Snelgrove v. LeBlanc*, Civil Action No. 2:20-cv-148) to the same Article III judge who is assigned to this case as the cause of action and issues are similar in all three.

Dated at Burlington, in the District of Vermont, this 5th day of November 2020.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

---

[4] Furthermore, it appears that LeBlanc may no longer even be a party to this action. (*See* Doc. 2-9.) Therefore, he may lack standing to invoke removal jurisdiction. *See Juliano v. Citigroup*, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009) ("Where, as here, a non-party purports to remove a state court action to federal court, such removal is improvident and without jurisdiction." (internal quotation marks omitted)); *Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005) ("A non-party has no authority to seek removal under the removal statutes.").